UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No: 4:08-cv-78 |
| | ) | Judge Mattice |
| v. | ) | |
| | ) | |
| PATRICIA TRIGG, | ) | |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM AND ORDER

On January 9, 2009, the Court ordered the parties to show cause as to why the Court has jurisdiction over this matter. [Court Doc. 5, Show Cause Order at 1.] Having reviewed the parties' responses to its Order requiring the parties to so, the Court finds that it lacks jurisdiction over the instant case. Accordingly, the Court hereby **DISMISSES** the instant case **WITHOUT PREJUDICE** and **ORDERS** that the instant case be **REMANDED** to the Moore County Chancery Court in Moore County, Tennessee for further proceedings.

## I. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) STANDARD

Federal courts are courts of limited jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). Thus, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Wagenknecht v. U.S.*, 533 F.3d 412, 417 (6 th Cir. 2008.)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court lacks subject matter jurisdiction. "Where subject matter jurisdiction

is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Assn.*, 287 F.3d 568, 573 (6th Cir. 2002). Challenges to subject matter jurisdiction may be either facial or factual. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial challenge is a challenge to the sufficiency of the pleading. *Ritchie*, 15 F.3d at 598; *Ohio Nat'l*, 922 F.2d at 325. When reviewing a facial challenge, the Court must accept as true all well-pleaded factual allegations in the complaint and construe the complaint in the light most favorable to the nonmoving party. *Ritchie*, 15 F.3d at 598; *Ohio Nat'l*, 922 F.2d at 325.

II.  FACTS

The subject matter of the instant case involves the taxing and the enforcement of property taxes in metropolitan Lynchburg, Tennessee and Moore County Tennessee. On October 23, 2008, the Defendant filed a Notice of Removal asking that the pending state case be removed to this Court. (Court Doc. 1.) Defendant claims that the Court has federal question jurisdiction over the instant tax dispute because the property at issue was granted to her through the assignment of a land patent. (Court Doc. 8, Def.'s Resp. to Show Cause Order at 2.) Plaintiff contends that the Court lacks subject matter jurisdiction because the instant case simply involves the validity of levying taxes and enforcement for unpaid taxes at the state and local level. (Court Doc. 7, Pl.'s Resp. to Show Cause Order at 3.)

### III. ANALYSIS

Many courts have spoken expressly to this question and clarified that property disputes involving federal land patents do not confer federal question jurisdiction. See *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000). The Supreme Court has explained, "once [the land] patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 676, (1974).

The United States has no continuing interest in property acquired through federal land patents. *Virgin*, 201 F.3d at 1143 (citing *Landi v. Phelps*, 740 F.2d 710, 713-714 (9th Cir. 1984)). Indeed, a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent or under an act of Congress. *Id.* (citing *Hilgeford v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir. 1985) (per curiam). From a jurisdictional standpoint, the facts of the present action are indistinguishable from the foregoing precedents. The dispute here is a matter of local law to be vindicated in the local courts. Accordingly, the Court **REMANDS** this case to the state court for further proceedings.

## IV. CONCLUSION

The Court hereby **DISMISSES** the instant case **WITHOUT PREJUDICE** and **ORDERS** that the instant case be **REMANDED** to the Moore County Chancery Court in Moore County, Tennessee for further proceedings.

SO ORDERED this 6th day of February 2009.

                                            */s/Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE